## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. | : | |
| 201 Gibraltar Road, Suite 150 | : | CIVIL ACTION |
| Horsham, PA 19044 | : | |
| Plaintiff, | : | |
| v. | : | No. |
| VINCENT L. MERLINO | : | |
| 847 Main Street | : | |
| Stamford, CT 06902 | : | |
| Defendant. | : | |

### COMPLAINT

1.    Plaintiff, AAMCO Transmissions, Inc. ("ATI"), is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2.    Defendant, Vincent Merlino ("Merlino"), is an adult individual who is a citizen of the state of Connecticut with a principal place of business at 847 Main Street, Stamford, CT 06902.

3.    This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and related claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and common law claims contained herein.

4.    Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in this District, Defendant has transacted business with ATI continuously over the last several years in this District and the claims arise under a contract that was made in this District.

### BACKGROUND

5.    Since at least 1963, ATI has continually used the name "AAMCO" as its trade name, trademark and service mark in connection with the operation of transmission repair

centers. It is the owner of the following marks registered on the principal register of the United States Patent and Trademark office for "automobile repair services":

| Registration # | Description |
| --- | --- |
| 851,209 | The name "AAMCO". |
| 860,330 | Pictorial representation containing the name "AAMCO". |
| 1,127,710 | Pictorial representation containing the name "AAMCO Transmissions". |

6.     ATI is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission repair centers throughout the United States and Canada.

7.     The "AAMCO" trade name and trademark have become universally associated with the repair of motor vehicle transmissions and the operation of transmission repair centers. As a result, ATI owns common-law trade name and trademark rights in the name "AAMCO" and in the marks described above. By virtue of the long use and promotion and the resulting fine public reputation of the trade name "AAMCO", there exists a secondary meaning in the name "AAMCO" and the above marks.

8.     Large sums of money have been spent in advertising and promoting the services sold under ATI's trade name and trademarks, and today ATI has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

9.     ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality transmission repair centers and the goodwill and reputation associated therewith. To supervise and control use

of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

10.     On July 20, 1998, ATI and Defendant Merlino entered into a franchise agreement, pursuant to which Defendant was authorized to use and have used the name and mark "AAMCO" in connection with the operation of an automotive repair center located at 914 East Main Street, Stamford, CT  06902 (the "Center").  A true and correct copy of this franchise agreement (the "Franchise Agreement") is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

11.     The Center was first established under the AAMCO trademark in January of 1966, long before Vincent Merlino became the franchisee entitled to operate it.

12.     Since the Center was first established in January of 1966, it has continuously been advertised using ATI's mark such that consumers in the community have come to know the Center location as "AAMCO Transmission".

13.     As provided under the Franchise Agreement, ATI shared with the Defendant its proprietary systems, information and trade secrets for operating a successful automotive repair business which ATI had developed over its more than 45 year history.  ATI provided to Defendant ATI's proprietary manuals, customer lists and software.

14.     In a letter dated August 25, 2010, ATI placed Defendant on notice that he was in payment default under the Franchise Agreement and demanded that the payment default be cured within ten (10) days, which Defendant failed and refused to do. A true and correct copy of the said demand letter is attached hereto at Exhibit "B".

15.    In a letter dated February 24, 2011, ATI notified Defendant that, based on his failure to cure the payment default, Defendant's Franchise Agreement was terminated for cause. A true and correct copy of the said termination letter is attached hereto at Exhibit "C".

16.    Section 19.2 of the Franchise Agreement, entitled "Covenant Not-to-Compete," provides in pertinent part that:

> Franchisee acknowledges that as a franchisee of AAMCO he will receive confidential information and materials and trade secrets and have access to unique procedures and systems developed by AAMCO. Franchisee further acknowledges that the development of the marketplace in which his center is located is solely as a result of the AAMCO name and trademark. Therefore, to protect the AAMCO name and trademark and to induce AAMCO to enter into this Agreement, Franchisee represents and warrants....For a period of two (2) years after the termination of this Agreement, Franchisee shall not directly or indirectly engage in the transmission repair business within a radius of ten (10) miles of the former center or any other AAMCO center.  The two (2) year period shall not begin to run until Franchisee commences to comply with all obligations stated in this section 19.2(b).

*See* Franchise Agreement, ¶ 19.2, attached hereto at Ex. "A".

17.    Section 19.2 of the Franchise Agreement further provides that:

> Franchisee acknowledges that because of the business of AAMCO and the strength of the AAMCO name and trademark, the restrictions contained in this section 19.2 are reasonable and necessary to protect the legitimate interests of AAMCO and that any violation of these restrictions will result in irreparable injury to AAMCO.  Therefore, Franchisee acknowledges that, in the event of such violation, AAMCO shall be entitled to preliminary and permanent injunctive relief and damages, as well as an equitable accounting of all earnings, profits and other benefits, arising from such violation, which remedies shall be cumulative and in addition to any other rights and remedies to which AAMCO shall be entitled.  If Franchisee violates any restriction contained in this section 19.2 and it is necessary for AAMCO to seek equitable relief, the restrictions contained herein shall remain in effect for two (2) years after such relief is granted.

*See* Franchise Agreement, ¶ 19.2(c), attached hereto at Ex. "A".

4

18.    Despite the termination of his franchise in accordance with its terms, Defendant has refused to take the actions required by Section 19.2 of the Franchise Agreement and continues to operate a transmission repair business from the former Center location.

19.    The Franchise Agreement further provides at Section 19.1 that upon termination of the Franchise Agreement for any reason, Defendant shall:

> Immediately and permanently discontinue all advertising as an authorized AAMCO dealer....Promptly transfer to AAMCO or AAMCO's designee each telephone number listed under the designation AAMCO or any similar designation, and execute such instruments and take such steps as AAMCO may require to accomplish the transfer of each such telephone number.

*See* Franchise Agreement, ¶ 19.1(a), (5-6), attached hereto at Ex. "A".

18    Despite the termination of his franchise in accordance with its terms, Defendant has refused to take the actions required by Section 19.1 of the Franchise Agreement and continues to operate his competing business using the former Center's AAMCO advertised telephone number.

## COUNT I - BREACH OF FRANCHISE AGREEMENT - SPECIFIC PERFORMANCE

19.    ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 18 above.

20.    The Franchise Agreement provides in Section 19.2 that for a period of two years following termination, Defendant will not, directly or indirectly, engage in the transmission repair business within a radius of ten miles of the Center, or within a radius of ten (10) miles of any other AAMCO center.

21.    Although Defendant's franchise has been terminated, Defendant continues to operate a transmission repair business at the location of the Center in violation of the covenant

not-to-compete contained in the Franchise Agreement and in violation of ATI's trademark rights as stated in Count III below.

22.     By continuing to conduct a transmission repair business in violation of the covenant not-to-compete, Defendant has misappropriated the goodwill generated under the AAMCO name.

23.     ATI is also entitled to specific performance of Section 19.1 of the Franchise Agreement, which requires Defendant to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

24.     Defendant is in breach of Section 19.1 in that he continues to use the same phone number advertised in the telephone yellow pages as has been previously advertised and in use under the AAMCO name.

25.     Defendant's failure to honor the procedures after termination stated in the Franchise Agreement (e.g., his conduct in continuing a transmission repair business at the Center location and continued use of the AAMCO advertised telephone number) interferes with ATI's ability to develop the market, retain the goodwill and re-establish the presence of the AAMCO name in this market, causing ATI irreparable harm.

26.     ATI has no adequate remedy at law for damages, and unless specific performance of the procedures after termination is ordered and injunctive relief granted to restrain Defendant's violation of the covenant not-to-compete, ATI will continue to suffer irreparable harm.

## COUNT II - COMMON LAW UNFAIR COMPETITION

27.　ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 26 above.

28.　Defendant's conduct is in violation of the common law of unfair competition in that he is:

      (a)　Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with his conduct of business at the Center;

      (b)　Causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by ATI of his conduct of business at the Center; and,

      (c)　Representing to the public that the business conducted at the Center has ATI's approval, which it does not.

29.　These acts by Defendant have been committed willfully and with full knowledge of the refusal of ATI to authorize the sale of goods and services at the Center; and with the intention of deceiving and misleading the public.

30.　Defendant's unlawful trade practices will irreparably harm and injure ATI's trademarks, trade name, reputation and goodwill.

31.　ATI is without an adequate remedy at law.

## COUNT III - TRADEMARK INFRINGEMENT

32.　ATI hereby incorporates by reference, as if fully set forth, paragraphs 1 through 31 above.

33.     Defendant has materially breached the terms and conditions of the Franchise Agreement, and as a result, the Franchise Agreement has been terminated thereby extinguishing any contractual right of Defendant to use ATI's marks.

34.     Defendant has willfully and without justification failed and refused to comply with the post-termination provisions of the Franchise Agreement which requires Defendant to, among other things, discontinue all use of the AAMCO name and trademark and all telephone numbers listed under the AAMCO name.

35.     Unless Defendant is enjoined, ATI believes and therefore avers that he will continue his infringing use of the AAMCO trade name and trademarks at the Center.

36.     Unless Defendant is enjoined, his continued improper use of the AAMCO trade name and trademarks will greatly impair the value of the AAMCO trade name and trademarks, as well as ATI's reputation and goodwill.

37.     Defendant's continued failure and refusal to comply with those obligations has caused and continues to cause ATI irreparable harm to its reputation and goodwill, and substantial financial losses.

38.     The actions and conduct of Defendant as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

39.     The damages that have been occasioned by the willful trademark infringement that has been engaged in by Defendant are irreparable and continuing, and ATI has no adequate remedy at law.

40.     Pursuant to 15 U.S.C.A. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

41.     Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover Defendant's profits at the Repair Center for the period since February 24, 2011, during which he has engaged in the above-described willful trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

## COUNT IV – BREACH OF FRANCHISE AGREEMENT – PAYMENT BREACH

42.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 41 above.

43.     The Franchise Agreement requires that the Defendant pay to ATI a weekly franchise fee calculated at five percent (5 %) of the gross receipts at the Center for the preceding week.

44.     Pursuant to the Franchise Agreement, the franchise fee is to be accompanied by a weekly business report in the form provided by ATI.

45.     Pursuant to the Franchise Agreement, Defendant is required to pay ATI his proportionate share of the cost of creating certain advertising, in accordance with formulas provided by the AAMCO National Creative Committee.

46.     Pursuant to the Franchise Agreement, Defendant is required to participate in the ATI warranty program and pay certain intershop costs and labor rates in connection with honoring warranties issued to Defendant's customers.

47.     Pursuant to the Franchise Agreement, Defendant is required to pay late charges to ATI in the amount of one and one-half percent (1-1/2%) of the average unpaid balance per month.

48.     Pursuant to the Franchise Agreement, ATI has the right to estimate franchise fees due from missing required weekly business reports, based on an arithmetic average of

Defendant's weekly gross sales reported to ATI over a number of previous weeks as determined by ATI. Defendant has failed to submit business reports as required under the Franchise Agreement.

49.     Defendant has accrued a debt to ATI under the Franchise Agreement, which debt Defendant has failed to pay.

50.     Defendant's failure to pay under the Franchise Agreement is a breach of that Agreement.

51.     Defendant's unpaid account balances accrued under the Franchise Agreement is calculated as follows:

| | |
|---|---:|
| Franchise Fees | $ 12,493.50 |
| National Creative Advertising | 2,700.00 |
| Intershop | 694.38 |
| AON warranty premiums | 7,113.82 |
| Recoverable Expense | 8,795.12 |
| 1 800 GO AAMCO | 9.61 |
| Interest | 12,145.90 |
| Estimated Franchise Fees Due on Missing Reports | 1,175.49 |
| **TOTAL** | **$ 45,127.82** |

52.     Defendant's failure to pay his account balance owed to ATI under the Franchise Agreement has damaged ATI in the above calculated amount.

53.     Pursuant to Section 7.2 of the Franchise Agreement, Defendant is obligated to participate and pay for advertising programs with other franchisees in his market area and agreed that, if he failed to pay the amounts due to his local advertising group, then ATI would have the right to recover such sums from him.

54.     As of March 7, 2011, in breach of the Franchise Agreement, Defendant has failed to pay the Greater NY AAMCO Dealers Advertising, Inc. (the "Advertising Pool") the sum of

**$97,195.00** which amount remains due and owing despite repeated demands on Defendant for payment.

55.     As a result of the aforesaid breaches, ATI has been damaged and Defendant has been unjustly enriched.

## COUNT V – COSTS AND ATTORNEYS' FEES

56.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 55 above.

57.     Pursuant to Section 14.1 of the Franchise Agreement, Defendant agreed to pay all costs incurred by Plaintiff in bringing this action, including attorneys' fees.

58.     Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover the costs of this action and attorneys' fees.

59.     Upon the filing of this Complaint, Plaintiff ATI has incurred a filing fee of Three hundred fifty dollars ($350.00) in this matter.

60.     Plaintiff ATI has incurred and continues to incur attorneys fees in the pursuit of this action.

## COUNT VI – DECLARATORY JUDGMENT

61.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 60 above.

62.     Pursuant to 28 U.S.C. §2201 and 42 Pa.C.S.A. §7533, this Court has jurisdiction to determine disputes between Plaintiff and Defendant concerning the validity, formation, operation and termination of the Franchise Agreement.

63.     A dispute exists between Plaintiff and Defendant as to whether Defendant is in default of the Franchise Agreement and as to the termination of said agreement.

64.     Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendant and obeyed all applicable laws.  Neither Plaintiff, nor its agents, employees, brokers or representatives, have made any misrepresentations or omissions of any material facts in connection with Defendant entering into the Franchise Agreement.

65.     Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant.

66.     Plaintiff has properly determined that Defendant was in violation of his Franchise Agreement.

67.     Pursuant to the Franchise Agreement, Plaintiff may terminate the Franchise Agreement for one or more of the breaches set forth above.

68.     Plaintiff has properly terminated the Franchise Agreement.

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. demands a judgment in its favor and a declaration that the Franchise Agreement is valid, was properly entered into, that Plaintiff has fulfilled all of its obligations under the Franchise Agreement, that Plaintiff did not misrepresent and/or omit any material facts, that Plaintiff has not negligently or willfully caused damage to Defendant, and that Plaintiff may terminate Defendant under the Franchise Agreement for one or more of the breaches described in the above set forth Counts of this Complaint.

RELIEF SOUGHT

WHEREFORE, ATI requests the following relief:

A.      That Defendant, his officers, agents, servants, employees and those persons in active concert or participation with him, be preliminarily and permanently enjoined and restrained from operating a transmission repair center for two (2) years at or within ten (10) miles of the location of the Center or any other AAMCO repair center.

B.    That Defendant, his officers, agents, servants, employees and those persons in active concert or participation with him, be preliminarily and permanently enjoined and restrained from:

(i)    using in any manner, including without limitation on or in any signs, stationery, letterheads, forms, printed matter or advertising, the proprietary marks "AAMCO", "AAMCO Transmissions" or similar names or marks;

(ii)    advertising or otherwise holding themselves out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by or connected or associated with ATI; and,

(iii)    doing anything to cause potential purchasers of transmission repair services to believe that any services or repairs performed by Defendant or any business with which he is associated originate with ATI or are endorsed or sponsored by ATI.

C.    That Defendant be enjoined to transfer to ATI or at ATI's direction, each telephone number listed by him under the designation "AAMCO Transmission" or any similar designation and execute any instruments and take such steps as may be necessary or appropriate to transfer each such telephone number and if he shall fail to do so, that counsel for ATI be designated by the Court as his attorney-in-fact to execute such documents in his name and in his place.

D.    That Defendant be ordered to provide an accounting pursuant to 15 U.S.C.A. §1117(a), of his profits at the Center after February 24, 2011 and that these profits be awarded to ATI, along with all other damages for Defendant's violation of ATI's trademark rights, trebled in accordance with 15 U.S.C.A. §1117(a).

E.      That Defendant be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendant to comply herewith.

F.      That the Court enter Judgment in ATI's favor and against Defendant on ATI's breach of contract cause of action in the amount of $142,322.82 plus attorneys fees and costs.

G.      That the Court enter Declaratory Judgment that:

    (i).    Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendant and obeyed all applicable laws;

    (ii).   Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant;

    (iii).  Plaintiff has properly determined that Defendant was in violation of his Franchise Agreement;

    (iv).   Plaintiff has properly terminated the Franchise Agreement; and,

    (v).    Defendant must comply with all provisions of Sections 19.1 and 19.2 of the Franchise Agreement.

H.      That ATI be awarded its reasonable attorneys' fees, costs of court and all other and further relief to which it may be entitled.

William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900